IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Aaron Gibbs/Loran Dax Sant, <br><br> Plaintiffs, <br> v. <br> Sim Gill et al, <br><br> Defendants. | **MEMORANDUM DECISION & ORDER GRANTING THE MOTION TO AMEND THE COMPLAINT, DENYING THE MOTIONS TO APPOINT HYBRID COUNSEL AND SERVICE OF PROCESS** <br><br> Case No. 2:18-cv-00905 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

This case is before Magistrate Judge Cecilia M. Romero pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Ted Stewart. (ECF No. 6 and ECF No. 13). Plaintiffs Aaron Gibbs and Loran Dax Sant filed a pro se complaint in November 2018 (ECF No. 5). Plaintiffs were granted leave to proceed in forma pauperis on November 29, 2018 (ECF No. 3 and ECF No. 4). In December of 2018, Plaintiffs filed a motion to amend complaint (ECF No. 10), Motion to Appoint Hybrid Counsel (ECF No. 11) and Motion for Service of Process (ECF No. 12).[1] The court has reviewed these motions and rules as follows:

**Motion to appoint counsel**

28 U.S.C. § 1915(e)(1), which pertains to proceedings in forma pauperis, provides that "[t]he court may request an attorney to represent any person unable to afford counsel." "The appointment of counsel under this statute is a matter within the discretion of the district court."

---

[1] These same or substantially similar motions appear to have been filed twice. Once in December, as noted above, and then again in January 2019. *See, e.g.*, motion to amend complaint (ECF No. 9); motion for appointment of hybrid council to Plaintiffs (ECF No. 8) and motion for official service of process (ECF No. 7). The present Memorandum Decision & Order is intended to address the motions not only filed in December but the substantially similar three motions that followed in January.

*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Further, the "burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Id.* When determining whether to appoint counsel, the court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996) (10th Cir. 1991)). Plaintiffs provide no justification or facts to support their motion to appoint counsel. Further, review of the present complaint demonstrates the asserted claims are tenuous and fail to state a claim for relief. While a complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); *see* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

In the present case, Plaintiffs bring their claims under the Fourteenth Amendment and 28 U.S.C. § 4101. With respect to the Fourteenth Amendment, the present Complaint does not appear to allege any facts to support this claim. The Due Process clause only applies to state actions; to bring a claim for damages against a state official, a plaintiff must do so through 42 U.S.C. § 1983. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). There is no mention of 42

U.S.C. § 1983 or any facts to support such a claim. Plaintiffs also cite to 28 U.S.C. § 4101, which is the definition section of the cited code. Plaintiffs appear to use this section of the Act to support a libel/defamation claim, but this Act merely defines defamation for the purposes of a subsequent section governing recognition of foreign defamation judgments and does not provide a cause of action. *See* 28 U.S.C. §§ 4101, 4102.

Accordingly, the court denies Plaintiff's motion for appointment of counsel without prejudice. (ECF No. 8 and ECF No. 11.) As the case develops further and if it appears that counsel may be of assistance, Plaintiffs may provide further justification and support for their request and renew their motion for appointment of counsel.

**Motion to Amend and Motion for Service of Process**

Because the Plaintiffs have not served their complaint, they need not have requested leave of Court to amend their complaint. Plaintiffs can file an amended complaint and it need not use the present amended complaint attached to the present motion. The Court therefore grants the motion to amend the complaint (ECF No. 9 and ECF No. 10) but cautions Plaintiffs to carefully review the above ruling on the claims as presently asserted. Plaintiffs shall have 14 days from the date of this decision to submit an amended complaint. Because an amended complaint will be filed, to avoid waste of judicial resources, the Court denies as moot, the motion for service of process (ECF No. 7 and ECF No. 12), without prejudice. If the amended complaint is filed, Plaintiffs may renew a motion for service of process.

According, as set forth above, the Court ORDERS as follows:

1. Plaintiffs' motion for appointment of counsel (ECF No. 8 and ECF No. 11) is DENIED without prejudice;

2. Plaintiffs' motion to amend complaint (ECF No. 9 and [ECF No. 10](ECF No. 10)) is GRANTED. Plaintiffs have 14 days from the date of service of this decision to file an amended complaint; and

3. Plaintiffs' motion for service of process is DENIED without prejudice (ECF No. 7 and [ECF No. 12](ECF No. 12)).

SO ORDERED.

DATED this 10 July 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah