IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON GIBBS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> SIM GILL, et al, <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:18-cv-00905-TS-CMR <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

## I.    BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6; ECF 13).  On November 29, 2018, the court granted Plaintiffs Aaron Gibbs (Mr. Gibbs) and Loran Dax Sant (Mr. Sant) (collectively, Plaintiffs) leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 3; ECF 4).  On July 10, 2019, the court granted Plaintiffs leave to amend their complaint to cure pleading deficiencies (ECF 14).  Plaintiffs filed their Amended Complaint in this action on July 26, 2019 (the *Gibbs I* Amended Complaint or the Amended Complaint).  *See Gibbs et al v. Gill et al*, Case No. 2:18-cv-00905-TS-CMR (*Gibbs I*) (ECF 15).  Mr. Gibbs then filed a complaint in a second action on June 4, 2020 with similar allegations (the *Gibbs II* Complaint), *see Gibbs v. Denver Post*, Case No. 2:20-cv-00348-TS (*Gibbs II*) (ECF 3), and another complaint in a third action on July 7, 2020 again with similar allegations (the *Gibbs III* Complaint), *see Gibbs v. South Salt Lake Police Department et al*, Case No. 2:20-cv-00486-TS (*Gibbs III*) (ECF 4).  The court consolidated *Gibbs II* and *Gibbs III* with *Gibbs I* due to similarities in the claims and parties (ECF 18; ECF 21).

As required under the IFP Statute, the court will screen the *Gibbs I* Amended Complaint (ECF 15), in conjunction with the claims in the *Gibbs II* Complaint and the *Gibbs III* Complaint, to determine whether Plaintiffs have stated a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Also before the court are Plaintiffs' Motions for Service of Process (ECF 16; ECF 23) and Motion for Emergency Injunctive Relief (ECF 17) (the Motions).  Having carefully considered the relevant filings, the undersigned RECOMMENDS that the court dismiss Plaintiffs' claims in *Gibbs I*, *Gibbs II*, and *Gibbs III* for failure to state a claim and deny Plaintiffs' Motions (ECF 16, 17, and 23) as moot.

## II.      LEGAL STANDARDS

Whenever the Court authorizes a party to proceed without payment of fees under the IFP Statute, it is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  8 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).  Under this standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (citations and internal quotation marks omitted).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

In undertaking this analysis, the court is mindful that Plaintiffs are acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard

than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  At the same time, however, it is not "the proper function of the district court to assume

the role of advocate for the pro se litigant," *id.*, and it "will not supply additional facts, nor will

[it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded,"

*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  With these standards in mind,

the court turns to the sufficiency of Plaintiffs' claims under the IFP Statute.

### III.    DISCUSSION

**A.    *Gibbs I* fails to state a claim.**

Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 against numerous defendants,

including government agencies, prosecutors, police departments, officers, news companies, and

reporters.  Plaintiffs' claims in the *Gibbs I* Amended Complaint arise from the criminal

prosecution of Plaintiffs for alleged elder abuse of Lynn Carlson (Mr. Carlson) and the

subsequent news reports of these allegations.  Liberally construing Plaintiffs' allegations, it

appears Plaintiffs are asserting claims for (1) redress of grievances under the First Amendment;

(2) unlawful search and seizure under the Fourth Amendment; (3) equal protection violation

under the Fourteenth Amendment; (4) defamation; (5) malicious prosecution; and (6) other

miscellaneous claims (ECF 15 at 1–2).  The court will address each of these claims in turn.

#### 1.    First Amendment Claim

Plaintiffs' Amended Complaint purports to bring a First Amendment claim, but the

precise nature of this claim is not clear.  The First Amendment protects the right to "petition the

Government for a redress of grievances."  U.S. Const. amend I.  For instance, "'the right of

access to the courts is an aspect of the First Amendment right to petition the Government for

redress of grievances."  *Collins v. Daniels*, 916 F.3d 1302, 1323 (10th Cir. 2019) (quoting *Bill*

*Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983)).  Plaintiffs do not identify the

defendants against whom this claim is asserted or specify the conduct supporting this claim.

Moreover, the Amended Complaint does not include any allegations that would support this type

of claim.  Plaintiffs have not alleged any facts showing they were deprived of their right of

access to the courts or otherwise deprived of their right to petition the government for redress.

Accordingly, the undersigned RECOMMENDS that the court dismiss Plaintiffs' First

Amendment claim without prejudice.

> 2.    Fourth Amendment Claim

Plaintiffs' Amended Complaint asserts a Fourth Amendment claim for unreasonable

search and seizure without further specifying the nature of this claim.  The Fourth Amendment

prohibits "unreasonable searches and seizures."  U.S. Const. amend. IV.  To prevail on a Fourth

Amendment claim, a plaintiff "must establish that there was a search and/or seizure and that the

search and/or seizure was unreasonable."  *Reeves v. Churchich*, 331 F. Supp. 2d 1347, 1351 (D.

Utah 2004), *aff'd,* 484 F.3d 1244 (10th Cir. 2007).  Once again, Plaintiffs do not include

supporting facts for this claim, such as the defendants or conduct involved.  Plaintiffs fail to even

identify the search or seizure at issue or allege facts showing that it was unreasonable.  The court

declines to construct a legal theory on Plaintiffs' behalf.  Accordingly, the undersigned

RECOMMENDS that the court dismiss Plaintiffs' Fourth Amendment claim without prejudice.

> 3.    Fourteenth Amendment Claim

Plaintiffs' Amended Complaint cites to the right to equal protection under Fourteenth

Amendment, but the nature of this claim is unspecified.  The Equal Protection Clause of the

Fourteenth Amendment provides that no State shall deny "any person within its jurisdiction the

equal protection of the laws."  U.S. Const. amend. XIV.  This claim suffers from the same

defects as Plaintiffs' other constitutional claims.  Plaintiffs again fail to identify the defendants or conduct that forms the basis of this claim.  Further, the Amended Complaint does not appear to include any allegations that would support a claim that Plaintiffs were deprived of equal protection under the law.  Accordingly, the undersigned RECOMMENDS that the court dismiss Plaintiffs' Fourteenth Amendment claim without prejudice.

4.      Defamation Claims

Plaintiffs assert defamation claims against Defendants Gary Keller; Bill Masters; Ben Lockhart; Bonneville International, which Plaintiffs reference as KSL News and Deseret News Publishing Co. (collectively, Bonneville International); Fox 13 News; Channel 4 ABC for Utah and its "responsible parties" Ali Monson, Harry A. Sook of Nexstar and John T. Stankey of Warner Media (collectively, Channel 4 ABC for Utah); Telluride News and its "responsible parties" Andrew Irvington and Stephen Elliott (collectively, Telluride News); Doug Funk; Linda Funk; Keith Keesling; Kathleen Keesling; Denver Post and its "responsible party" Alden Global/Heath Freeman (collectively, Denver Post); Colorado Springs Gazette and Phillip Anschutz (collectively, Colorado Springs Gazette); Washington Times and its "responsible party" Christopher Dolan (collectively, Washington Times); Montrose Press and its "responsible party" Wick Communications/Francis Wick (collectively, Montrose Press); National Association to Stop Guardian Abuse and its "responsible parties" Elaine Renoire, Sylvia Rudek, and Marcia Southwick (collectively, NASGA); Tammy Barr; Kirk Mitchell; and Bruce Mitchell.  With the exception of Defendant Tammy Barr, Plaintiffs' defamation claims are based on written statements or libel.  The libel statute in Utah, which governs defamation in written form, gives plaintiffs one year from the libelous statement to bring suit.  *See* Utah Code Ann. § 78B-2-302(4) ("An action may be brought within one year . . . for libel.").

According to the Amended Complaint and exhibits thereto, the libelous statements by Defendants Gary Keller, Ben Lockhart, and Bonneville International were published on April 8, 2015 (Exhibit 15); by Fox 13 News on April 9, 2015 (Exhibit 17); by Channel 4 ABC for Utah on April 10, 2015 (Exhibit 18); by Bill Masters, Montrose Press, Colorado Springs Gazzette, and Washington Times on April 30, 2015 (Exhibits 16, 20, 21); by Telluride News on May 3, 2015 (Exhibit 19); and by Doug Funk, Linda Funk, Keith Keesling, and Kathleen Keesling on an unspecified date in 2015 (ECF 15, at 16–17).[1]  Plaintiffs filed the instant action on November 19, 2018, three years after the libelous statements.  Because Plaintiffs failed to file their claims based on these libelous statements within the one-year deadline, Plaintiffs' claims against these defendants are time-barred.  Accordingly, the undersigned RECOMMENDS that Plaintiffs' defamation claims against Gary Keller, Ben Lockhart, Bonneville International, Fox 13 News, Channel 4 ABC for Utah, Bill Masters, Montrose Press, Colorado Springs Gazette, Washington Times, Telluride News, Doug Funk, Linda Funk, Keith Keesling, and Kathleen Keesling be dismissed with prejudice.

With respect to Plaintiffs' claims against Defendants Denver Post, NASGA, and Tammy Barr, Plaintiffs have failed to state a claim.  To establish a defamation claim under Utah law, "a plaintiff must prove four elements: (1) that the defendants 'published the statements'; (2) that the 'statements were false, defamatory, and not subject to any privilege'; (3) 'that the statements were published with the requisite degree of fault'; and (4) that 'their publication resulted in damage' to the plaintiff."  *Hogan v. Winder*, 762 F.3d 1096, 1105 (10th Cir. 2014) (quoting *West v. Thomson Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994) (citations omitted)).  Under Utah

---

[1]  In reviewing a complaint under Rule 12(b)(6), "courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference[.]"  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

law, "defamation must be pled specifically," meaning that "the pleadings should 'identify the defamatory statement either by its words or words to that effect.'" *Eagle Air Med Corp. v. Sentinel Air Med. All., LLC*, No. 2:16-CV-00176-TC-EJF, 2019 WL 6879252, at *2–4 (D. Utah Dec. 17, 2019) (quoting *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 800 (D. Utah 1988)).

The claims against the Denver Post, NASGA, and Tammy Barr all suffer from the same defect, namely that they lack the requisite specificity. Plaintiffs merely allege that the Denver Post "[p]rinted false stories" (ECF 15, at 17); NASGA "[p]rinted a false story" (ECF 15, at 19); and Tammy Barr "slandered and defamed Plaintiff to his friend/driver in a populated public area" (ECF 15, at 20). Plaintiffs' conclusory allegations fail to identify with sufficient specificity the defamatory statements by these defendants. These claims also suffer from several other defects. The claim against Tammy Barr suffers from the additional defect that Plaintiffs allege that the defamatory statements were spoken rather than published as required by the first element. The claims against all of the news agencies, including the Denver Post and NASGA, also appear to be privileged publications or broadcasts, failing the second element. *See* Utah Code Ann. § 45-2-3(4). To the extent the statements by the Denver Post and NASGA were published in the same timeframe as the other news stories, these claims would also be time-barred. Finally, the court notes that Plaintiffs have already been given an opportunity to amend their claims (*see* ECF 14) yet failed to remedy the numerous defects with their defamation claims. The court therefore finds that allowing further amendment would be futile. Accordingly, the undersigned RECOMMENDS that Plaintiffs' defamation claims against the Denver Post, NASGA, and Tammy Barr be dismissed without prejudice.

5.      Malicious Prosecution Claim

Plaintiffs assert a malicious prosecution claim against Defendant Sim Gill, the Salt Lake County District Attorney (D.A.).  To prevail on a claim of malicious prosecution, a plaintiff "must show that the prosecution at issue was brought without probable cause and that it terminated in his favor."  *Ball v. Dillard*, No. 2:99CV933C, 2000 WL 33710848, at *2 (D. Utah May 26, 2000).  Here, Plaintiffs allege that "On April 8th 2015 [t]he D.A.'s [o]ffice filed charges against Mr. Gibbs and Mr. Sant using the defamatory allegations of Mr. Carlson as the only evidence against Defendants" (ECF 15, ¶ 15).  Plaintiffs further allege that after they submitted "an 8 page accounting of Mr. Carlson's Fraud on the court . . . [,] The D.A.'s office responded with a motion to dismiss all charges.  Subsequently all charges were dismissed" (ECF 15, ¶¶ 25–26).

Based on Plaintiffs' allegations that the charges against them were dismissed, it appears that the second element of a malicious prosecution claim is met.  However, Plaintiffs have failed to establish the first element.  Although Plaintiffs allege that they presented the D.A. with exculpatory evidence *during* the prosecution, Plaintiffs have failed to plausibly allege that the prosecution was *initiated* without probable cause.  Review of the South Salt Lake Police Department (SSLPD) police report attached to the Amended Complaint indicates that the prosecution had ample evidence upon which to initiate the prosecution (Exhibit 4, ECF 15-8).  Also attached to the Amended Complaint is the D.A.'s motion to dismiss indicating that the charges were dismissed because Mr. Carlson was no longer available or willing to testify (Exhibit 8, ECF 15-13), not because of any evidence submitted by Plaintiffs.  In light of the speculative, implausible nature of Plaintiffs' allegations, the court finds that further amendment

of this claim would be futile.  Accordingly, the undersigned RECOMMENDS that Plaintiffs'

malicious prosecution claim be dismissed without prejudice.

6.    Other Claims

Plaintiffs assert unspecified claims against the State of Utah Division of Aging and Adult

Services, including Barbara Vargas, Adrian Warr, and Heather Holbrook (collectively, Utah

Division of Again and Adult Services); as well as Salt Lake City Aging Services and Cindy Burr

(collectively, Salt Lake City Aging Services) on the basis of allegations that they "remained

silent during prosecution of Plaintiffs and withheld direct evidence that exonerated Plaintiffs"

(ECF 15, at 20).  Plaintiffs cite to no authority that would support civil liability for this conduct,

and the court is aware of none.  Because Plaintiffs' allegations do not state a cognizable claim,

the undersigned RECOMMENDS that Plaintiffs' claims for withholding evidence be dismissed

without prejudice.

Plaintiff Sant also purports to assert a claim against John/Jane Doe Defendants for

causing his mother to "lose faith in the Justice System" (ECF 15, at 10).  As currently pled, this

claim does not appear to be cognizable under any legal theory, and the undersigned therefore

RECOMMENDS that this claim be dismissed without prejudice.

**B.    *Gibbs II* and *Gibbs III* Fail to State a Claim.**

The complaints in both *Gibbs II* and *Gibbs III* assert claims for dissemination of a police

record relating to the alleged elder abuse that is the subject of the claims asserted in the

Amended Complaint in *Gibbs I*.  In the *Gibbs II* Complaint, Mr. Gibbs seeks to impose civil

liability on the Denver Post for "illegally obtaining a sealed police report from 2013" and

"disseminating the document to multiple private parties" (Case No. 2:20-cv-00348-TS, ECF 3,

¶¶ 1, 3).  In the *Gibbs III* Complaint, Mr. Gibbs asserts the same claim against SSLPD, Gary

Keller, Jack Currath, and Jim Anderson for illegally obtaining the sealed 2013 police report and disseminating it to news agencies (Case No. 2:20-cv-00486-TS, ECF 4, ¶¶ 1–2).  In both complaints, Mr. Gibbs claims that this conduct violates Utah Code Ann. § 53-10-108.  However, even if these allegations were true, the cited statute restricts the dissemination of criminal history record information typically obtained from a criminal background check.  *See id.* § 53-10-108(2).  Access to police records, on the other hand, is largely governed by the Utah Government Records Access and Management Act (GRAMA).  In fact, the police report that Mr. Gibbs claims is sealed appears to be an "initial contact report" classified as "normally public" under GRAMA.  *See id.* § 63G-2-301(3)(g).  Thus, the authority cited by Mr. Gibbs is inapplicable and cannot form the basis of a cognizable claim against these defendants.  The undersigned RECOMMENDS that Mr. Gibbs' claims for unlawful dissemination of a police record be dismissed without prejudice.

### C.      Motions for Service of Process

Plaintiffs have filed two Motions for Service of Process requesting service of the Amended Complaint on Defendants by the U.S. Marshals (ECF 16; ECF 23).  Pursuant to the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process.  *See* 28 U.S.C. § 1915(d).  However, considering the recommendation that Plaintiffs' claims be dismissed, the undersigned RECOMMENDS that Plaintiffs' Motions for Service of Process (ECF 16; ECF 23) be denied as moot.

### D.      Motion for Emergency Injunctive Relief

Plaintiffs' Motion for Emergency Injunctive Relief requests "a court ordered investigation into acts of obstruction of justice" by law enforcement agents who allegedly seized documents and records in a raid of Mr. Gibbs' church property in Colorado (ECF 17).  "To

obtain a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018) (citation, alterations, and internal quotation marks omitted).  Plaintiffs' request is moot in light of the recommendation that their claims be dismissed.  In addition, Plaintiffs' request consists of factual allegations unrelated to the claims asserted in the Amended Complaint and of conclusory arguments that fail to meet the high burden required for entry of an injunction.  *See id.* ("Preliminary injunctions are extraordinary remedies requiring the movant's right to relief be clear and unequivocal.").  Accordingly, the undersigned RECOMMENDS that the court DENY Plaintiffs' Motion for Emergency Injunctive Relief (ECF 17).

  **E.**  **Court Sanctions**

  Lastly, the court addresses the imposition of court sanctions against Mr. Gibbs for filing multiple, duplicative lawsuits in short succession.  The instant action was filed on November 19, 2018 against numerous defendants, including the Denver Post and Gary Keller.  *See Gibbs et al v. Gill et al*, Case No. 2:18-cv-00905-TS-CMR (*Gibbs I*).  On June 4, 2020, Mr. Gibbs filed a second action against the Denver Post asserting similar claims.  *See Gibbs v. Denver Post*, Case No. 2:20-cv-00348-TS (*Gibbs II*).  One month later, on July 7, 2020, Mr. Gibbs filed a third action against Gary Keller and other defendants again asserting similar claims.  *See Gibbs v. South Salt Lake Police Department et al*, Case No. 2:20-cv-00486-TS (*Gibbs III*).  This conduct led the court to draft two separate orders of consolidation, first to consolidate *Gibbs II* with *Gibbs I* (ECF 18), and then to consolidate *Gibbs III* with *Gibbs I* (ECF 21), in order to avoid unnecessary duplication of efforts and expense of judicial resources.

"To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). The court finds that Mr. Gibbs' conduct constitutes abuse of the court system and that the appropriate sanction in this case is to impose filing restrictions on Mr. Gibbs. This court also already provided Plaintiffs an opportunity to amend, and while some of the claims herein are recommended for dismissal without prejudice, it is unclear if Plaintiffs can allege sufficient facts on any claim. Accordingly, the court recommends that Mr. Gibbs be required to obtain prior approval from the court for any and all future lawsuits he wishes to file, regardless of the date of the lawsuit, the date of the actions underlying the lawsuit, or the causes of action contained within the lawsuit. The court has determined that such a requirement is necessary to prevent Mr. Gibbs from engaging in further abuse of the court system.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' First Amendment claim, Fourth Amendment claim, Fourteenth Amendment claim, malicious prosecution claim, defamation claims against the Denver Post, NASGA, and Tammy Barr, and other claims for withholding of evidence, dissemination of a police report, and losing faith in the justice system be dismissed without prejudice;

2. Plaintiffs' time-barred defamation claims against Defendants Gary Keller, Ben Lockhart, Bonneville International, Fox 13 News, Channel 4 ABC for Utah, Bill Masters, Montrose Press, Colorado Springs Gazzette, Washington Times, Telluride

News, Doug Funk, Linda Funk, Keith Keesling, and Kathleen Keesling be dismissed with prejudice;

3.   Plaintiffs' Motions for Service of Process (ECF 16; ECF 23) be DENIED as moot; and

4.   Plaintiffs' Motion for Emergency Injunctive Relief (ECF 17) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Mr. Gibbs be required to obtain prior approval from the court for any and all future lawsuits he wishes to file.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10 August 2020.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah